**E-FILED**
Tuesday, 20 January, 2009  04:33:10 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 98-CR-20072** |
| | ) | |
| **GARRICK S. JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

On February 27, 2008, Defendant, Garrick S. Jones, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) and Request for Public Defender (#26). That same day this court appointed the Federal Defender's Office to represent Defendant. Federal Defender Staff Attorney William C. Zukosky became Defendant's appointed counsel. On June 19, 2008, this court entered Administrative Order No. 08-U-0035 (#30) suspending the filing deadlines on Defendant's Motion (#26) until the United States Court of Appeals for the Seventh Circuit rendered its decision in United States v. Monica Poole, Appeal Number 08-2328, the Defendant having 30 days from the date of the decision and the United States 30 days thereafter to file an appropriate pleading with the court. The Seventh Circuit subsequently rendered its decision in a published opinion as United States v. Poole, 2008 WL 5264410 (7th Cir., Dec. 19, 2008). On January 12, 2009, Defendant's counsel filed a Motion to Withdraw as Counsel (#31). For the following reasons, this court GRANTS defense counsel's Motion to Withdraw as Counsel (#31).

BACKGROUND

On March 5, 1999, Defendant pleaded guilty to one count of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The offense carried a statutory mandatory minimum penalty of 20 years in prison. The Pre-Sentence Report (PSR), which this court adopted at sentencing on January 20, 2000, reported that Defendant was accountable for quantities of crack and cocaine for a combined total of 12,565.6 kilograms of marijuana equivalent drugs resulting a base offense level of 36. Applying a 2-level upward adjustment for possession of firearms and a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, the PSR reported a total offense level of 35. Defendant's criminal history category was II, leading to an initial guideline imprisonment range of 188 to 235 months. Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory minimum sentence was greater than the maximum of the initial guideline range, the guideline sentence became 240 months in prison. Defendant was ultimately sentenced to a total term of 168 months in the Bureau of Prisons. Defendant's sentence departed from the guidelines range upon the motion of the government as a result of Defendant's substantial assistance.

On February 27, 2008, Defendant filed his pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#26). Defense counsel Zukosky was subsequently appointed. Following the Seventh Circuit's decision in Poole, defense counsel filed his Motion to Withdraw as Counsel (#31). In the Motion, defense counsel asserts that the reductions available under the amendments to the Sentencing Guidelines do not apply in Defendant's case because Defendant's sentence was based on a statutory mandatory minimum sentence, and not on the Sentencing Guidelines. Defense counsel notes that this view is

supported by the Guidelines themselves and the Seventh Circuit in <u>Poole</u>.

ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 comment n. [1(A)].

In the <u>Poole</u> case, the defendant, following the reduction of her sentence for distributing five or more grams of crack, moved for a further sentencing reduction based on reduction in base offense level for crack offenses.  The district court denied her motion to modify based on 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction. <u>Poole</u>, 2008 WL 5264410, at *1. The defendant appealed, arguing that her sentence was based on a sentencing range subsequently lowered by the Guidelines Amendment 706 pertaining to crack offenses.

The Seventh Circuit rejected the defendant's argument.  The sole issue on appeal for the

Seventh Circuit was whether the district court had jurisdiction to revisit the defendant's sentence based on Amendment 706.  <u>Poole</u>, 2008 WL 5264410, at *1.  The Seventh Circuit found that the defendant's sentence was based on a statutory mandatory minimum, not a sentencing range that Amendment 706 lowered.  The court noted that the district court judge initially calculated a guidelines range of 87-108 months, however a prior felony court conviction subjected the defendant to a statutory minimum sentence of 120 months.  Because under U.S.S.G. § 5G1.1(b) the statutory minimum exceeded the otherwise applicable guideline range, the statutory minimum became the defendant's guidelines sentence.  <u>Poole</u>, 2008 WL 5264410, at *2.  The court concluded that while Amendment 706 lowered the defendant's base offense level, it did not lower the sentencing range on which her sentence was actually based- a statutory mandatory minimum sentence of 120 months in prison.

The court also rejected the defendant's argument that 706 applied because her *initial* sentence was calculated based on the guidelines range now altered by the amendment.  The court reasoned that once the statutory minimum sentence was factored in, the initial guidelines calculation became academic, stating that:

> "A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered." <u>Poole</u>, 2008 WL 5264410, at *2.

The court then went on to cite Note 1(A) from U.S.S.G. § 1B1.10 and affirm the defendant's sentence, concluding that the district correct was correct that it lacked jurisdiction to revisit the

defendant's sentence when her sentence was based on a statutory mandatory minimum. <u>Poole</u>, 2008 WL 5264410, at *2-3.

In the instant case, Defendant's situation is that of the defendant in <u>Poole</u>.  Defendant was sentenced not based on a guideline range altered by Amendment 706, but rather the sentence was based on the statutory mandatory minimum.  Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c)(2).  Defense counsel's Motion to Withdraw as Counsel (#31) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1)     The Motion to Withdraw as Counsel (#31) filed by the Federal Public Defender's office is GRANTED and Defendant is allowed to proceed in this matter pro se.

(2)     Defendant shall file with this court, no later than 30 days of the date of this Order, a pleading that either (a) concedes that the Amendment does not apply because he was sentenced based on a statutory mandatory minimum, or (b) explains why the Amendment applies in spite of the sentence being based on the statutory mandatory minimum.

ENTERED this 20th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE