E-FILED
Friday, 13 March, 2009  03:55:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 98-CR-20072 |
| ) | |
| **GARRICK S. JONES,** ) | |
| ) | |
| **Defendant.** ) | |

# OPINION

Defendant, Garrick S. Jones, pled guilty to a crack cocaine offense in 1999 and now petitions this court to reduce his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, Defendant's Motion for Retroactive Application of the Sentencing Guidelines (#26) is DENIED.

## BACKGROUND

Defendant plead guilty on March 5, 1999, to one count distribution of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant was sentenced by this court on January 20, 2000. Defendant was held responsible for quantities of cocaine and crack resulting in a combined total of 12,565.6 kilograms of marijuana equivalent drugs resulting in a base offense level of 36. Applying a 2-level upward adjustment for possession of a firearm and a 3-level downward adjustment for acceptance of responsibility and timely guilty plea, Defendant's total offense level was 35. With a criminal history category of II, the initial guideline range was 188 to 235 months. However, as the offense carried a statutory mandatory minimum sentence that was greater than the guideline range maximum, the guideline sentence became 240 months pursuant to U.S.S.G. § 5G1.1(b). Defendant was ultimately sentenced to 168 months. The sentence departed below the guideline range due to Defendant's substantial

assistance.

On February 27, 2008, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#26). This court then appointed the Federal Defender's Office to represent Defendant. However, Defendant's attorney William C. Zukosky filed a Motion to Withdraw As Counsel (#31) on January 12, 2009. In that Motion, Zukosky argued that Defendant would not be eligible for a sentence reduction under the new Sentencing Guidelines because Defendant's sentence was based on a statutory mandatory minimum, and not on the crack cocaine sentencing guidelines, and thus Defendant was not eligible for a sentence reduction via the crack cocaine sentencing guideline amendments. Zukosky reached this decision in light of the Seventh Circuit Court of Appeals' decision in United States v. Poole, 550 F.3d 676 (7th Cir. 2008). This court issued on Opinion (#32) on January 20, 2009, granting Zukosky's Motion to Withdraw (#31). This court concluded that Defendant was not sentenced based on the guideline range altered by Amendment 706, but rather was sentenced based on the statutory mandatory minimum, and thus the court lacked jurisdiction to revisit his sentence and that a reduction would be inconsistent with U.S.S.G. § 1B1.10 and therefore not authorized under 18 U.S.C. § 3582(c). See Poole, 550 F.3d at 679.

This court allowed Defendant to pursue the matter pro se and ordered Defendant to file, within 30 days of the order, a pleading that either (1) concedes the amendment does not apply because he was sentenced based on a statutory mandatory minimum or (2) explains why in fact the amendment does apply in spite of the sentence being based on the mandatory minimum.

Defendant filed his Response (#33) to this court's Opinion (#32) on February 12, 2009. In his Response, Defendant argues that he was not sentenced based on the statutory minimum, but was sentenced pursuant to a downward departure under 18 U.S.C. § 3553(e), a statute he claims renders mandatory minimums "inoperative" and "directs the court to impose a sentence in

accordance with the Sentencing Guidelines and policy statements promulgated by the Sentencing Commission." Defendant concludes stating "[w]here a court has the authority to impose a sentence within the applicable guideline range; and where there is no provision of law operating in a way that prohibits a sentence within that range, the court retains the authority to revisit the sentence under 3582(c)(2)."

## ANALYSIS

This court re-adopts the ruling made in its earlier order (#94) that Defendant was not entitled to a sentence reduction under the new guideline amendments because he was sentenced based on the statutory mandatory minimum. Defendant's situation is very similar to that of the Defendant in Poole. It is true that Defendant was sentenced based on 3553(e). However, the Seventh Circuit already considered the Rule 35 departure issue under 3553(e) and found that it has no impact on a Defendant's sentence when the district court used the original statutory mandatory minimum as its starting point for issuing the reduction. Poole, 550 F.3d at 680. Simply because Defendant received the downward departure at the sentencing hearing, as opposed to receiving it at a later date, does not change the fact that Defendant's original sentence was calculated based on the statutory mandatory minimum. Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#26) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Reduce Sentence (#26) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 13th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE